IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01759-REB-KLM

LEVI FRASIER,

    Plaintiff,

v.

CHRISTOPHER L. EVANS, Denver Police Officer, #05151,
CHARLES C. JONES, Denver Police Officer, #04120,
JOHN H. BAUER, Denver Police Officer, #970321,
RUSSELL BOTHWELL, Denver Police Officer, #94015,
CITY AND COUNTY OF DENVER, COLORADO, and
AS YET UNIDENTIFIED DENVER POLICE OFFICERS,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to File Second Amended Complaint** [#32][1] (the "Motion"). As an initial matter, the Motion does not comply with D.C.COLO.LCivR 7.1(a), which provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

In the Motion, Plaintiff states:

> Prior to filing this motion, Plaintiff's counsel informed Defendants' counsel that she would be filing a motion for leave to amend to substitute John Robledo as a [Defendant]. Defendant's [sic] counsel stated that he may

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

oppose the motion on grounds of futility.

*Motion* [#32] at 3 n.1.

"[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court. *See Carroll v. Allstate Fire and Casualty Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1[(a)] is to decrease the number and length of motions filed in each case."). Informing opposing counsel that you intend to file a motion does not amount to conferral. *See JAH IP Holdings, LLC v. Mascio*, No. 13-cv-02195-MSK0KLM, 2014 WL 2462545, at *2 (D. Colo. June 2, 2014). The Motion is subject to denial for failure to comply with Rule 7.1(a). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#32] is **DENIED without prejudice**. **Any future filing that does not comply with any applicable rule will be stricken.**

Dated:  November 16, 2015