**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01759-REB-KLM

LEVI FRASIER,

Plaintiff,

v.

Denver Police Officers CHRISTOPHER L. EVANS #05151,
CHARLES C. JONES, #04120,
JOHN H. BAUER, #970321,
RUSSELL BOTHWELL, #94015,
JOHN ROBLEDO, and
CITY AND COUNTY OF DENVER, COLORADO

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

1.     The Parties have asserted that the nature of the claims, defenses, and damages asserted in this lawsuit involve discovery of documents and information containing Confidential Information (as defined in paragraph four below).

2.     The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order.  The Parties have asserted that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3.     The Parties have entered into this stipulation and have requested the Court to enter this Protective Order for the purpose of preventing the disclosure and use

of Confidential Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4.     "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named, and may include, but is not necessarily limited to, internal affairs investigation files, personnel files, medical records, training records, confidential police practices and information that if publicly disclosed would hinder police activities and/or public safety; and/or other employment records that pertain to any party or third-party, which are not made available to the public, and as to which a reasonable expectation of privacy or confidentiality exists.

5.     Information designated as confidential must first be reviewed by the attorney for the designating Party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000).

6.     When Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced or otherwise imprinting the word "Confidential" on each page in such a manner as not to obscure the text;

2

b. imprinting the word "Confidential" next to or above any response to a discovery request; and

c. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition.

7.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.     It shall be used only for the purposes of this litigation and not for any other purpose;

b.     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

(i)     attorneys actively working on this case;

(ii)     persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

(iii)     the Parties and designated representatives of the City and County of Denver, Colorado;

(iv)     expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

(v)     the Court and its employees;

3

(vi)     stenographic reporters who are engaged in this litigation;

(vii)    non-party deponents and witnesses who execute the attached Exhibit A; and

(viii)   other persons by written agreement of the Parties.

8.     The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

9.     During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need.

10.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case.  Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

11.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12.     A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information within thirty (30) days of such designation.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10)

business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to notify the Magistrate Judge pursuant to the Magistrate Judge's practice standards of the dispute and set the issue for a telephone conference. If either the Magistrate is notified for a telephone conference or if a motion is filed upon the Court's request, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the issue.  If the designating Party fails to file such a motion or schedule a telephone conference with the Magistrate Judge within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.   In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

13.    In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed Restricted Level 1 in accordance with the requirements of D.C.COLO.LCivR 7.2, except as otherwise agreed to by the parties or separately ordered by the Court. Pleadings may refer to the Confidential Information without being filed Restricted Level 1, unless the Confidential Information is quoted or reproduced within the pleadings.  If the Confidential Information is quoted or reproduced within a pleading, such pleading shall be filed Restricted Level 1 with the Clerk of the Court and made available to the Court, Court Personnel, and counsel of record, except as otherwise agreed by the parties or separately ordered by the Court.  In addition, an

unrestricted version of the pleading may be filed with redactions applied to the quoted or reproduced Confidential Information.   The party designating the document as confidential shall have the burden of moving the court to maintain restriction of the document.

14.    The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16.    Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel, or individual identified at Paragraph 7 who has been provided Confidential Information, shall either return to the producing Party all Confidential Information provided subject to this Protective Order or shall destroy such information and provide written notification to opposing counsel confirming the destruction of all Confidential Information.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this _____ day of _____, 2017.

BY THE COURT:

_____
United States District Court Judge

## WRITTEN ACKNOWLEDGMENT

1.      I have read the Protective Order in *Frasier v. Evans, et al.,* United States District Court for the District of Colorado, Civil Action No. 15-cv-01759-REB-KLM, a copy of which is attached to this Acknowledgment.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Acknowledgment are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____

Telephone No.
(_____) _____

**EXHIBIT A**