**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01759-REB-KLM

LEVI FRASIER,

Plaintiff,

v.

CHRISTOPHER L. EVANS,

Defendant.

---

## DEFENDANT'S MOTION TO COMPEL SUBSEQUENT DEPOSITION OF PLAINTIFF

---

Defendant Christopher Evans, through undersigned counsel, moves to compel a second deposition of Plaintiff pursuant to Fed. R. Civ. P. 30(a)(2) and 26(b). As further set forth below, Defendant respectfully requests that this Court enter an Order requiring Plaintiff to sit for a subsequent deposition no later than February 16, 2023 (i.e. prior to the final pretrial conference in this matter).[1]

## <u>CERTIFICATE OF CONFERRAL</u>

Counsel for Defendants has conferred with counsel for Plaintiff in accordance with D.C. COLO.LCivR 7.1A regarding the relief requested. This motion is opposed.

---

[1] In the event this Motion is granted, Defendant does not intend to depose Plaintiff for a full day. Defendant submits three hours would be more than sufficient, and is willing to take the deposition remotely if that is more convenient for Plaintiff.

## **INTRODUCTION**

Discovery in this matter, including the exchange of written discovery and depositions of parties, was completed June 15, 2018. (Doc. 83).

On January 17, 2023, Plaintiff produced a supplemental response to Defendants' interrogatories, which he then amended January 26, 2023. *See* Exhibit A, Plaintiff's Supplemental Interrogatory Responses dated January 26, 2023.[2] In his supplemental responses, Plaintiff amends four (4) of his previous interrogatory responses, including three (3) responses related to Plaintiff's criminal history and/or law enforcement contacts. Plaintiff also amends his interrogatory response on the damages he is claiming as a result of this incident. *Compare* Exhibit A *with* Exhibit B (Plaintiff's Original Interrogatory Responses, served December 21, 2017).[3]

As to Defendants' requests pertaining to his legal actions, convictions, and law enforcement contacts, Plaintiff's supplemental response adds the following information to his original responses, none of which were previously disclosed:

- In 2018, Plaintiff was charged with criminal trespassing or burglary in Boulder County.  The case was dismissed.  *See* Ex. A at 2 (Resp. to Def. Interrog. #2).

---

[2] The only apparent difference between the January 17 and January 26 responses appears to be the inclusion of case numbers for Plaintiff's subsequently disclosed arrests and convictions, which Plaintiff revised to include at Defendant's request. For the avoidance of doubt, both these versions include the recently-disclosed information which underscores this Motion. Defendant only attaches the January 26 copy hereto.

[3] Defendants also made a similar document request for any documents underlying Plaintiff's criminal history during fact discovery. Plaintiff has produced five (5) pages of documents pertaining to the recent disclosure, which Defendant construes as a response to the document production request.

- In 2018, a civil protection order was sought against Plaintiff in Boulder County.  It was vacated and dismissed.

- In 2019, Plaintiff was charged with misdemeanor assault and felony eluding in Douglas County (19 CR 201).  He plead to a misdemeanor, the other charges were dismissed. *Id.*[4]

- In 2019, a protection order violation was brought against Plaintiff in Weld County.  It was later dismissed.  *Id.*

- Plaintiff was also charged on unidentified dates with "drug possession, DUI, and careless driving charges," for which Plaintiff plead to misdemeanor possession. (18 CR 2574). *Id.*

- In 2020, Plaintiff was charged in Oceana County, Michigan with possession of controlled substance, assault/resisting a police officer, and fleeing a police officer in the 4th degree.  In 2021, he was convicted of the assault/resisting and fleeing, with the possession charges dismissed. *Id.*

- In 2022, Plaintiff was convicted for possession of a controlled substance in Muskegon County, Michigan. He was charged with fleeing and resisting a police officer, but those charges were dismissed. *Id.* at 2-3.

- In 2020 (to Plaintiff's belief), he received a misdemeanor OWI charge in Newaygo County, Michigan.  No information has been provided about the

---

[4] Defendant has obtained certain records of this case, via unprotected Colorado Courts E-filing records. Plaintiff pled guilty to Eluding a Police Officer, 42-4-1413 C.R.S., a class 2 misdemeanor traffic offense. The materials obtained by Defendant do not include any signed or certified plea from Plaintiff, nor do they summarize the specific facts of this incident. As argued below, Defendant should be permitted to question Plaintiff regarding the same. *See infra.*

disposition. *Id.* at 3.

In connection with the above, Plaintiff has produced five (5) pages of materials, including a copy of his 2022 Muskegon County conviction and commitment and the same for his 2020 Oceana County conviction.

Additionally, Plaintiff's January 17 supplement amends his discovery responses on damages to assert, for the first time, that this incident caused him to develop a "fear of the police." Exhibit A, at 3-4 (Resp. to Def. Interrog. #4).

As further argued below, Defendants should be permitted to take Plaintiff's deposition to inquire about and explore these facts and issues. Absent the ability to do so, Defendants will be greatly prejudiced at trial.

**ARGUMENT**

Fed. R. Civ. P. 30(a)(2) provides that a party must obtain leave of court to depose a deponent who has previously been deposed in the same lawsuit. "Whether to allow the additional examination of a party already deposed is within the discretion of the trial court." *Martensen v. Koch*, 301 F.R.D. 562, 585 (D. Colo. 2014) (citations omitted). Rule 30(d) expressly provides the court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d). If "good cause" exists to justify such an order, a subsequent deposition should be allowed. *Martensen*, 301 F.R.D. at 585.

This District has found, on multiple occasions, good cause for a subsequent party deposition based on the late or subsequent disclosure of potentially relevant

information. *See Lammie v. Ball Aerospace & Tech. Corp.*, Civ. No. 11-cv-3248-MSK-MJW, 2013 WL 179200, at *1 (D. Colo. Jan. 17, 2013) (allowing defendant to re-depose Plaintiff following initial 7½ hour deposition, based on audio recordings not disclosed before deposition); *Martensen*, 301 F.R.D. at 585 (finding good cause for additional three-hour deposition of party for questions other party was not permitted to ask at initial deposition due to improper invocations of attorney-client privilege).

Here, a subsequent deposition of Plaintiff is necessary before trial because Plaintiff's amended interrogatory responses contain (a) a number of recently disclosed convictions and other law enforcement contacts which, even standing alone, could potentially come in at trial (*i.e.*, for impeachment or under Fed. R. Evid. 609(a)), and (b) a new claim of damages for "fear of police," which Plaintiff never previously asserted. Exhibit A. Because Defendant never knew about these incidents or alleged damages until January 2023, and thus could not have previously questioned Plaintiff about them, Defendant should be permitted to do so now.

A)    Potential Impeachment

Standing alone, Plaintiff's recently disclosed convictions (in separate counties in Michigan in 2020 and 2022) may likely be used to impeach him at trial. If a witness was convicted of a crime in the past ten (10) years and the crime was punishable by more than one year in prison, evidence of such crime will normally be admitted for purposes of impeachment. *See* Fed. R. Evid. 609(a). The threshold for impeachment in these circumstances is low; such crimes "*must be admitted*" unless the prejudicial effect of such evidence "*substantially* outweigh[s]" their probative value. Fed. R. Evid.

609(a)(1)(A) (emphasis added) (citing Fed. R. Evid. 403).

Here, Plaintiff has identified at least four (4) new convictions for which impeachment could – or would – be proper under the Rule 609(a) standard, based on the corresponding penalties. These include:

- 2019 misdemeanor assault conviction (Douglas County). Ex. A, at 2;

- Misdemeanor possession conviction (undisclosed, 18 CR 2574). *Id.;*

- 2020 conviction for assault/resisting and fleeing (Oceana County). *Id.;*

- 2022 conviction for possession of controlled substance (Muskegon Cty.). *Id.* at 3.

Because Defendant will seek to impeach Plaintiff with these incidents at trial, Defendant should be afforded the opportunity to obtain discovery on them through Plaintiff's own testimony. As the Tenth Circuit has explained, "evidence of a felony conviction for impeachment purposes under Rule 609(a)(1) ordinarily should include the *nature* of that felony conviction." *U.S. v. Howell*, 285 F.3d 1263, 1267-68 (10th Cir. 2002) (citations omitted) (emphasis added). Because the names and occurrence of these crimes do not demonstrate their "nature," a deposition is necessary. *See id.* (while this rule is not absolute, trial court must possess sufficient facts to conduct a Rule 403 balancing test).

This is especially critical in light of the limited time between now and the trial of this matter, which prevents Defendant from conducting the discovery he normally would on these issues to not only explore the facts, but ensure their admissibility (i.e. ordering and reviewing transcripts, court records, notes of testimony, certified convictions from

the applicable courts). Further, to the extent there is any doubt or ambiguity about the disposition and/or facts of any of the disclosed incidents (*see, e.g.,* Ex. A, at 2-3), Defendant should be permitted to question Plaintiff about such incidents to help inform the Court where precisely they fall within the Rule 609 analysis. Defendant submits there exists such a lack of certainty with respect to a number of the recently disclosed incidents, given the lack of documentation and factual detail currently in Defendant's possession. *Id.*

Moreover, even if Defendant *did* possess all physical transcripts, notes of testimony, and certified convictions underlying these matters – which again he does not – Plaintiff's flurry of criminal activity during the last few years requires additional discovery, so that the Rule 609(a) analysis may be conducted with proper texture. Put differently, "the probative value of an older conviction may remain undiminished if the defendant . . . has multiple intervening convictions, [ ] which could suggest his character has not improved." *Dickens v. Taylor*, 655 F. App'x 941, 945 (3d Cir. 2016) (quoting *U.S. v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). Accordingly, Defendant should be permitted to question Plaintiff about these incidents to gain a better understanding of their collective nature (i.e. the collective impression they may give about his character), for purposes of the admissibility analysis before the Court.

Finally, at least one of Plaintiff's convictions – 19 CR 201 – could be admissible for impeachment as *crimen falsi*. "[F]or any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or

false statement." Fed. R. Evid. 609(a)(2). The filed plea agreement for that case (located by Defendant on Data Access) indicates Plaintiff pled guilty to "eluding a police officer, 42-4-1413 C.R.S.," a class 2 traffic misdemeanor. Defendant still possesses no actual facts from this case, but § 42-4-1413 provides that any operator of a motor vehicle who receives a signal to pull over from police (i.e. lights and/or sirens), but "who willfully increases his or her speed or extinguishes his or her lights in an attempt to elude such police officer, or willfully attempts in any other manner to elude the police officer, or does elude such police officer commits a class 2 misdemeanor traffic offense." *Id.* While this crime does not contain any facial element of deceit or dishonesty, this does not necessarily preclude a finding of *crimen falsi* for impeachment purposes. A 2006 advisory committee note to Fed. R. Evid. 609 explains:

> Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment—as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly—a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted. But the amendment does not contemplate a "mini-trial" in which the court plumbs the record of the previous proceeding to determine whether the crime was in the nature of *crimen falsi*.

*U.S. v. Cavanaugh,* 476 F. Supp. 3d 916, 920 (E.D. N.D. 2020) (government could not introduce "escape" conviction under *crimen falsi* because facts of record did not indicate dishonest act or false statement (citing 2006 Ad. Com. Note to Fed. R. Evid. 609)).

Here, unlike *Cavanaugh*, Defendant was not previously aware of this conviction, does not possess the underlying facts of the incident, and is seeking to obtain such facts *through discovery* (and before trial). Accordingly, Defendant should at minimum be

permitted to depose Plaintiff on this issue to determine whether this crime in fact involved a "dishonest act" under Rule 609(a)(2).

B)   <u>Direct Relevance to Plaintiff's Damages</u>

For the first seven years of this lawsuit, Plaintiff asserted a generic damage claim for "emotional and psychological harm, reputational injuries, and damages from being unlawfully detained and searched." <u>Ex. B</u>, at 3-4. Now, just over a month before trial, Plaintiff amends his damage claim for the first time to include a new "fear of police" allegation, which – while still vague – is more specific than the previously asserted damages. At his deposition, Plaintiff did not claim he had developed any fear of police (nor would Defendant's counsel have known to explore such a contention, since it had not been asserted). This disclosure alone warrants a subsequent deposition, so that Defendant may explore the contours of this claim (i.e. when it developed, how it developed, whether he has spoken to anyone else about it, any supporting evidence, how it affects his life, how he can attribute it to this particular incident, etc.). *See Lammie*, 2013 WL 179200, at *1; *Martensen*, 301 F.R.D. at 585.[5]

Additionally, Defendant was surprised to see that Plaintiff's new damage claim – for fear of police – was asserted at the same time he disclosed eight new incidents involving interactions with police. If Defendant is prohibited from questioning Plaintiff about these facts, Plaintiff will reap the benefit of his eleventh-hour disclosure by

---

[5] As set forth in Defendant's proposed jury instructions, Defendant submits damages in this matter should be limited to damages suffered *during* the alleged search.  Nonetheless, Defendant assumes, for purposes of this Motion only, that the Court would allow Plaintiff to assert subsequent damages, to include this alleged "fear of police." Further, in the event the Court is inclined to agree with Defendant regarding the scope of recoverable damages, the relief sought in this Motion remains applicable due to Plaintiff's recent disclosure of his arrests and convictions.

shielding not only the damage claim itself from questioning, but a host of other potential sources of the same injury. This would be a manifest injustice and would cause great prejudice to Defendant.

Moreover, at least on their face, each of Plaintiff's newly disclosed law enforcement contacts would appear more consequential than the incident underlying the instant case. Indeed, Plaintiff was arrested in each of those cases (and in at least four of them, convicted of meaningful crimes), while the instant case involves allegations of a tablet search, unaccompanied by arrest or conviction. While Plaintiff may testify otherwise, the clear potential for a relationship between Plaintiff's eight recent arrests / convictions, and the "fear of police" he apparently developed during the same time period necessitates further questioning.

C)    Potential 404(b) Evidence

While evidence of "other acts" is generally prohibited under Rule 404(a), Rule 404(b) – under certain circumstances – is much broader. Rule 404(b) provides that evidence of other crimes, wrongs, or acts, *may* be admissible to prove a person's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Here, Plaintiff has disclosed what appear to be at least eight (8) incidents where he was charged with crimes by law enforcement, across a host of separate jurisdictions. Because the incident giving rise to this lawsuit also involved Plaintiff's contacts with police, and since none of these were previously disclosed, Defendants should at least

be afforded the opportunity to question Plaintiff regarding the same, to attempt to determine any existing nexus.

WHEREFORE, for the reasons stated herein, Defendants respectfully request that the Court order Plaintiff to sit for a subsequent deposition **between now and February 16, 2022**, so that Defendant may obtain an expedited transcript in preparation for trial.

DATED this 1st day of February 2023.

Respectfully submitted,

*s/ Jonathan Cooper*
Jonathan Cooper, Assistant City Attorney
Benjamin Longnecker, Assistant City Attorney
Denver City Attorney's Office, Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, CO 80202-5332
Telephone:   (720) 913-3100
Facsimile:     (720) 913-3155
Email: jonathan.cooper@denvergov.org
Email: benjamin.longnecker@denvergov.org
*Attorneys for Defendant Christopher Evans*

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of February 2023, the foregoing **DEFENDANT'S MOTION TO COMPEL SUBSEQUENT DEPOSITION OF PLAINTIFF** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Elizabeth Wang
Jordan Poole
Loevy & Loevy
2060 Broadway | Ste. 460
Boulder | CO 80302
*Attorneys for Plaintiff*

<u>*s/ Camelia Close*</u>
Denver City Attorney's Office